IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2128-D

| | | |
|---|---|---|
| RONALD ALLEN FISHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| TRACY W. JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

On July 6, 2011, Ronald Allen Fisher ("Fisher" or "petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. Fisher seeks to serve the duration of his term of imprisonment at a residential re-entry center ("RRC"). Mem. Supp. Pet. [D.E. 1-2] 3–11.[1] He contends that the Bureau of Prisons ("BOP") violated the Second Chance Act of 2007 when it refused to consider him for RRC placement. Id.

On February 27, 2012, the court reviewed Fisher's petition and allowed it to proceed [D.E. 3]. On March 19, 2012, respondent filed a motion to dismiss, or in the alternative, for summary judgment [D.E. 5]. In support, respondent filed a declaration of Betty Haywood ("Haywood"), a Bureau of Prisons ("BOP") case manager at Federal Correctional Complex-Butner ("FCC-Butner") [D.E. 7], and a declaration of Jennifer Dannels ("Dannels"), a BOP attorney at FCC-Butner [D.E. 8]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Fisher about

---

[1] Fisher's projected date of release from incarceration is June 10, 2013. See BOP Inmate Locator, http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch&needingMoreList=false&IDType=IRN&IDNumber=95334-198 (last visited Aug. 7, 2012).

the motion, the consequences of failing to respond, and the response deadline [D.E. 9]. On March 29, 2012, Fisher responded in opposition [D.E. 10]. As explained below, the court grants respondent's motion for summary judgment.

I.

In considering the motion for summary judgment, the court views the evidence in the light most favorable to Fisher and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 56; see also Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

Respondent argues, and Fisher concedes, that Fisher failed to exhaust available administrative remedies before filing the petition. Mem. Supp. Mot. Summ. J. [D.E. 6] 5, 8–11; Resp. Opp'n Mot. Summ. J. [D.E. 10] 2–3.[2] Although the exhaustion requirements of the Prison

---

[2] The BOP grievance process is set forth at 28 C.F.R. § 542.13–.15, and the Fourth Circuit recently summarized the process. See Hill v. Haynes, 380 F. App'x 268, 269 n.1 (4th Cir. 2010) (per curiam) (unpublished).

Litigation Reform Act, 42 U.S.C. § 1997e(a), do not apply to a section 2241 petition, a prisoner challenging the execution of his sentence must nevertheless exhaust administrative remedies before seeking review in federal court. See, e.g., Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004); Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (per curiam) (collecting cases); Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); see also Asare v. U.S. Parole Comm'n, 2 F.3d 540, 544 (4th Cir. 1993).[3] The exhaustion requirement provides an opportunity to resolve a dispute without the burdens of litigation. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761–62 (3d Cir. 1996). Failure to exhaust administrative remedies is an affirmative defense that respondent must plead and prove. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005). A section 2241 petitioner's failure to exhaust administrative remedies withdraws a court's subject matter jurisdiction. See United States v. Wilson, 503 U.S. 329, 335 (1992); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (per curiam); see also Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

In support of his argument that Fisher failed to exhaust available administrative remedies, respondent cites Dannels's declaration. Mem. Supp. Mot. Summ. J. 10. Dannels states that she "ha[s] access to official [BOP] records[,] . . . . including the [BOP's] . . . computer database, which tracks the status and activities of [BOP] inmates . . . ." Dannels Decl. [D.E. 8] ¶ 2. Dannels reviewed the BOP's computer database and concluded that "Fisher has not filed a single formal

---

[3] The principle is so well established that the Fourth Circuit consistently summarily affirms dismissals of section 2241 petitions for failure to exhaust administrative remedies. See, e.g., Short v. Hollinsworth, 271 F. App'x 313, 314 (4th Cir. 2008) (per curiam) (unpublished); Carter v. Stansberry, 158 F. App'x 513, 514 (4th Cir. 2005) (per curiam) (unpublished); Watkins v. Compton, 126 F. App'x 621, 622 (4th Cir. 2005) (per curiam) (unpublished).

3

request for administrative remedy during his incarceration." Id. ¶ 5; see id., Ex. 1 ("BOP computer record").

Fisher "admits he has not exhausted his administrative remedies in regard to this claim." Resp. Opp'n Mot. Summ. J. 2. Fisher contends that "any attempt to do so would be futile . . . ." because "officials at Butner never grant [a]dministrative [r]emedy requests to alter or amend RRC determinations." Id. 3 (emphasis in original). In support, Fisher cites Dunkley v. Hamidullah, C/A No. 6:06-2139-JFA-WMC, 2007 WL 2572256 (D.S.C. Aug. 31, 2007) (unpublished), and Via v. Lyn, No. 2:10cv101, 2011 WL 573389 (N.D. W.Va. Jan. 24, 2011) (unpublished). See Resp. Opp'n Mot. Summ. J. 3–4.

A prisoner must exhaust administrative remedies "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion is excused only when prison officials inappropriately prevent prisoners from availing themselves of administrative procedures. See Hill, 380 F. App'x at 270. The evidence does not suggest that prison officials so prevented Fisher. Thus, Fisher's argument fails.

Dismissal without prejudice is the proper recourse when a prisoner files a section 2241 petition without first exhausting administrative remedies. See Ford, 362 F.3d at 401; see also Johnson v. Cannon, C.A. No. 4:08-776-PMD, 2010 WL 936706, at *8 (D.S.C. Mar. 15, 2010) (unpublished), aff'd, 390 F. App'x 256 (4th Cir. 2010) (per curiam) (unpublished); Stokes v. Moore, No. 5:08-CT-3045-FL, slip op. at 4 (E.D.N.C. Jan. 26, 2010) (unpublished); Shouse v. Madsen, No. 7:09-cv-00461, 2010 WL 276543, at *1 (W.D. Va. Jan. 19, 2010) (unpublished). The court's doing so allows the prisoner an opportunity to exhaust the administrative process and then file a new suit if the outcome of the administrative process is not favorable to the prisoner. Accordingly, the court grants respondent's motion for summary judgment for failure to exhaust administrative remedies and

dismisses Fisher's petition without prejudice.

After reviewing the claims presented in the petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Fisher's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

II.

For the reasons stated, the court GRANTS respondent's motion for summary judgment [D.E. 5] and DISMISSES Fisher's petition for a writ of habeas corpus [D.E. 1] without prejudice for failure to exhaust administrative remedies. The court DENIES a certificate of appealability and DIRECTS the Clerk of Court to close the case.

SO ORDERED. This 8 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge